```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CIVIL NO. 05-00276 SOM/KSC
                               )
          Plaintiff,           )
                               )   ORDER DENYING RULE 59(e) AND
     vs.                       )   60(b) MOTIONS FILED BY RONALD
                               )   PARKHURST ON JANUARY 10, 12,
RONALD W. PARKHURST, et al.,   )   AND 18, 2006
                               )
          Defendants.          )
_____)
```

ORDER DENYING RULE 59(e) AND 60(b) MOTIONS
FILED BY RONALD PARKHURST ON JANUARY 10, 12, AND 18, 2006

I.   INTRODUCTION.

Before the court are several purported motions filed by Defendant Ronald Parkhurst. These motions all seek reconsideration of this court's order of November 29, 2005, and relief from the interlocutory judgment entered thereafter. See Findings of Fact, Conclusions of Law and Order Granting Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (Nov. 29, 2005) ("Order"); Judgment (Nov. 30, 2005). In his multiple "motions," Parkhurst asserts error in the Order, as well as in the court's December 16, 2005, Order Denying Motion for Reconsideration. Although the present motions are quite confusing, the gist of the motions attacks the authenticity of the Government's evidence, claims that payments Parkhurst made were not reflected in the loan balances, and asserts prejudice arising out of the delay in serving the Complaint. Because none of these arguments has merit, the pending motions are all denied.

II.     FACTUAL BACKGROUND.

This case arises out of a series of notes signed only by Ronald Parkhurst.  The notes were secured by mortgages on property executed by both Ronald and his wife, Patrice.  See Complaint (Apr. 20, 2005).  The history of those loans is set forth below.

A.   Loan Number 44-9.

The declarations of Steven R. Bazzell, the custodian of records for the Farm Service Agency ("FSA"), establish that, on or about October 21, 1993, Parkhurst executed and delivered to the Government a $40,000 promissory note.  Parkhurst made $14,658.00 in payments on this note.  The terms of the note were rescheduled via a $30,667.88 promissory note executed by Parkhurst on May 24, 1996.  Parkhurst made $3,107.00 in payments on this rescheduled note.  The terms of the May 1996 note were then rescheduled via a $31,440.93 promissory note executed by Parkhurst on August 20, 1998.  Parkhurst made $3,030.00 in payments on this note, which the Government calls loan number 44-09.  Parkhurst defaulted on loan number 44-09 when he did not make further payments.  As of November 14, 2005, the amount owing on loan number 44-09 was $39,036.38 in principal and interest, plus per diem interest of $3.8890.  See Declaration of Steven R. Bazzell (Sept. 26, 2005) ¶¶ 3-5, 20-21 ("Bazzell Decl."); Declaration of Steven R. Bazzell (Nov. 17, 2005) ¶¶ 2-3 ("Supp. Bazzell Decl."); Declaration of Steven R. Bazzell (Jan. 17, 2006)

¶¶ 3-5 ("2006 Bazzell Decl."); Exs. 2-4 of Government's Concise Statement (Sept. 29, 2005) (copies of notes).

      B.    <u>Loan Number 44-10.</u>

Bazzell's declarations establish that, on or about May 4, 1994, Ronald and Patrice Parkhurst executed a mortgage on the property at issue in this action in favor of the Government. This mortgage secured a $75,000 note executed by Parkhurst on May 4, 1994, as well as future advances and performance of all of the Government's other agreements with the Parkhursts. Parkhurst made $2,676.00 in payments on this note. The May 1994 note was rescheduled on or about May 26, 1996, via a $80,312.61 promissory note executed by Parkhurst. Parkhurst made $7,870.00 in payments on this rescheduled note. The May 1996 note was then rescheduled via an August 20, 1998, $81,709.21 promissory note executed by Parkhurst. Parkhurst made $3,692.00 in payments on this August 1998 note, which the Government calls loan number 44-10. Parkhurst defaulted on loan number 44-10 when he did not make further payments. As of November 14, 2005, the amount owing on loan number 44-10 was $106,289.11 in principal and interest, plus per diem interest of $10.3865. <u>See</u> Bazzell Decl. ¶ 6-9, 20-21; Supp. Bazzell Decl. ¶¶ 1-2; 2006 Bazzell Decl. ¶¶ 6-8; Ex. 6 to Government's Concise Statement (copy of mortgage); Ex. 5, 7, 8 to Government's Concise Statement (copies of notes).

C. Loan Number 44-11.

On or about February 8, 1995, Parkhurst executed a $60,000 promissory note in favor of the Government. Parkhurst made $4,435.00 in payments on this note. The terms of this note were rescheduled via a May 24, 1996, $60,650.79 promissory note executed by Parkhurst. Parkhurst made $6,246.00 in payments on this rescheduled note.[1] On or about August 20, 1998, Parkhurst executed and delivered a rescheduled note to FSA for $62,416.50. Parkhurst made no payments on this note, which the Government calls loan number 44-11. Parkhurst defaulted on loan number 44-11 when he did not make the scheduled payments. As of November 14, 2005, the amount owing on loan number 44-11 was $84,456.79 in principal and interest, plus per diem interest of $8.1227. See Bazzell Decl. ¶ 10-13, 20-21; Supp. Bazzell Decl. ¶¶ 1-2; 2006 Bazzell Decl. ¶¶ 9-11; Ex. 9, 10, 12 to Government's Concise Statement (copies of notes).

D. Loan Number 44-08.

On or about March 20, 1996, Parkhurst executed a $36,000 promissory note. Parkhurst made $1,416.00 in payments on this note. The terms of this note were rescheduled via a

---

[1] On or about July 1, 1997, Ronald and Patrice Parkhurst executed a second mortgage on the property at issue in this action in favor of the Government. This mortgage secured a $125,000 note executed by Ronald Parkhurst on June 26, 1997, as well as future advances and performance of all of the Government's other agreements with the Parkhursts. See Ex. 11 to Government's Concise Statement (copy of mortgage).

$38,933.53 promissory noted executed by Parkhurst on August 20, 1998.  Parkhurst made no payments on this note, which the Government calls loan number 44-08.  Parkhurst defaulted on loan number 44-08 when he did not make the scheduled payments.  As of November 14, 2005, the amount owing on loan number 44-11 was $52,681.60 in principal and interest, plus per diem interest of $5.0667.  See Bazzell Decl. ¶ 14-17, 20-21; Supp. Bazzell Decl. ¶¶ 1-2; 2006 Bazzell Decl. ¶¶ 12-13; Ex. 13 and 14 to Government's Concise Statement (copies of notes).

III.     Procedural Background.

On April 20, 2005, the Government, acting through the FSA, filed a Complaint to foreclose on mortgages securing the various notes executed by Parkhurst and delivered to FSA.  Ronald and Patrice Parkhurst were served with this Complaint on July 8, 2005.  See Return(s) of Service (filed July 14, 2005).

On September 29, 2005, the Government filed a Motion for Summary Judgment and for Interlocutory Decree of Foreclosure and for Deficiency Judgment ("MSJ").  Plaintiff's Separate Concise Statement in Support of Motion for Summary Judgment was filed that same day, with the Declaration of Steven R. Bazzell setting forth the facts of this case and attempting to authenticate the exhibits attached to the concise statement.  A hearing on the MSJ was set for November 14, 2005.

The Parkhursts' opposition to the MSJ was due on October 27, 2005, but they filed their opposition early, on

October 18, 2005. In their Opposition, the Parkhursts did not dispute that Ronald Parkhurst failed to make payments on the note as required, or that this failure amounted to a default for purposes of the mortgages. Instead, the Parkhursts only argued that the evidence before this court did not comply with Rule 56(e) of the Federal Rules of Civil Procedure and asserted that the mortgages could not be foreclosed on because their property was held in tenancy by the entirety.

A hearing on the MSJ was held on November 14, 2005. Ronald Parkhurst was given ample time during this thirty-five minute hearing to make his arguments. See Case docket entry of Nov. 14, 2005. At the hearing, the court asked the Government to submit an additional declaration indicating that Bazzell, who had submitted an earlier declaration attempting to authenticate various documents, was the custodian of records for FSA.

On November 17, 2005, Bazzell filed a supplemental declaration that, in combination with his earlier declaration, properly authenticated the documents attached to the Plaintiff's Concise Statement by indicating that he was the custodian of records for FSA.[2]  See Supp. Bazzell Decl. ¶ 2 ("I have personal

---

[2] In any event, the court notes that the notes and mortgages were self-authenticating under Rule 902(8) and (9). Rule 902(8) provides that documents are self-authenticating when "accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public . . . ." The two mortgages in this case are notarized. See Exs. 6 and 11. Rule 902(9) provides that commercial paper, signatures thereon, and documents relating thereto are self-authenticating. This

knowledge of and am competent to testify to the matters stated herein by virtue of my position with FSA. My personal knowledge is based on my review of the records and files related to the mortgage loans which is the subject of the subject of this foreclosure. My duties include serving as the custodian or records."); Bazzell Decl. ¶ 1 ("I am the Farm Loan Chief, Farm Service Agency (FSA) . . . . I am familiar with the matters stated in this Declaration, and I am authorized to make this Declaration on behalf of FSA."). As discussed above, the two Bazzell declarations clearly set forth the amounts owed by Ronald Parkhurst on the various notes. Bazzell's 2006 declaration also sets forth the various amounts Parkhurst paid on the various loans.

On November 29, 2005, the court filed its Order on the MSJ, granting the Government's motion for summary judgment and for interlocutory decree of foreclosure. See Order (Nov. 29, 2005). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, judgment was entered on November 30, 2005. See Judgment (Nov. 30, 2005). On December 16, 2005, this court denied a December 5, 2005, filing by Parkhurst, which the court

---

includes promissory notes. See United States of Am. v. Varner, 13 F.3d 1503, 1509 (11th Cir. 1994) ("Mere production of a note establishes prima facie authenticity and is sufficient to make a promissory note admissible."); United States v. Carriger, 592 F.2d 312, 316 (6th Cir. 1979) (noting that promissory notes are self-authenticating).

deemed to be a motion for reconsideration.  See Order Denying Motion for Reconsideration (Dec. 16, 2005).

On January 10, 12, 18, and 25, 2006, Parkhurst filed various documents that asked for "reconsideration."[3]  The court deems these documents to be motions to alter or amend the judgment or motions for relief from the judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  On January 20, 2006, the Government filed an opposition to Parkhurst's Rule 59(e) and 60(b) motions.  On February 1, 2006, Parkhurst filed what the court deems to be a reply in support of his Rule 59(e) and 60(b) motions.

IV.     LEGAL STANDARD.

Parkhurst is asking this court to alter or amend the November 20, 2005, judgment, or to grant him relief from the judgment.  Rule 59(e) authorizes motions to alter or amend judgments.  Motions to alter or amend judgments "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, Federal

---

[3] On January 10 and 12, 2006, Parkhurst filed documents he called "Motion for Reconsideration and Notice and Supporting Papers."  On January 18, 2006, Parkhurst filed a document he called "Motion for Reconsideration to Supplemental Declaration of Steven R. Bazzell and Notice and Supporting Papers and Proposed Settlement."  On January 25, 2006, Parkhurst filed a document he called "Order Regarding Submission of Declaration and Declaration of Steven R. Bazzell," which this court has deemed to be a supplemental memorandum in support of his January 10, 12, and 18, 2006, motions.

Practice and Procedure § 2810.1 (2d ed. 1995).  A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court.  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ("the district court enjoys considerable discretion in granting or denying the motion"); see also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").  There are four basic grounds upon which a Rule 59(e) motion may be granted: 1) a manifest error of law or fact upon which the judgment is based; 2) newly discovered or previously unavailable evidence; 3) manifest injustice; and 4) an intervening change in controlling law.  McDowell, 197 F.3d at 1255 n.1.  Motions to "alter or amend a judgment shall be filed no later than 10 days after entry of judgment."  Fed. R. Civ. P. 59(e).

> Under Rule 60(b),
>
> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any

>    other reason justifying relief from the
>    operation of the judgment.

Fed. R. Civ. P. 60(b).  Rule 60(b) motions must be made within a reasonable time, "and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken."  Id.  "Motions for relief under Fed. R. Civ. P. 60(b) are addressed to the sound discretion of the trial court."  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).  Rule 60(b)(1) motions should be liberally construed to assure that a case is tried on the merits and a just result is achieved.  See Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983).  On the other hand, "there is a compelling interest in the finality of judgments which should not be lightly disregarded."  Id. (citations and quotations omitted).

V.      ANALYSIS.

To the extent Parkhurst files his "motions" under Rule 59(e), they are untimely, as they were filed more than 10 days after the entry of judgment on November 29, 2005.  See Fed. R. Civ. P. 59(e).  Accordingly, Parkhurst's "motions" must proceed under Rule 60(b).

Parkhurst initially argues that this court made a mistake in finding that Bazzell's declarations satisfied the admissibility requirement of Rule 56(e), contending that Bazzell lacked sufficient personal knowledge to authenticate the documents from his loan file.  This argument falls under Rule

60(b)(1) and is meritless.  As discussed above, the notes and mortgages at issue in this case are self-authenticating. Moreover, Bazzell's supplemental declaration, when combined with his original declaration, indicates that Bazzell was the custodian of records for FSA and that he was familiar with the matters stated in his declaration, thereby properly authenticating the documents attached to the Government's concise statement.  See Fed. R. Evid. 803(6), 902(4), and 902(11); Belber v. Lipson, 905 F.2d 549, 552 (1st Cir. 1990) (authentication may be accomplished through a custodian of records or other qualified witness); Miller v. Bank of Am., N.A., 2005 WL 1902945, *5 n.3 (D.D.C. July 13, 2005) (rejecting a contention that the bank's custodian of records could not authenticate documents because the custodian lacked "direct involvement in the case.").

In any event, although the Parkhursts contested the authenticity of the Government's documents, they failed to submit their own concise statement of facts.  Under Local Rule 56.1(g), the facts stated in the Government's concise statement are therefore deemed admitted.  See Local Rule 56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").  Parkhurst's challenge to the authenticity of the Government's evidence is without merit.

Parkhurst next complains that Bazzell's declaration misrepresented to the court the amounts owed on the various loans, claiming that he made payments that were not reflected in the balance owed on the loans. This part of the motion is brought under Rule 60(b)(3) and is meritless. In the motion he filed on January 10, 2006, Parkhurst argues that he had made $47,130.00 in payments that were not reflected in the Government's calculations. However, as set forth in Bazzell's most recent declaration, the Government credited $47,130.00 in payments to the various loans:

```
     $14,658.00
      $3,107.00
      $3,030.00
      $2,676.00
      $7,870.00
      $3,692.00
      $4,435.00
      $6,246.00
     +$1,416.00
     $47,130.00
```

See 2006 Bazzell Decl. Parkhurst therefore fails to show any payment on any of his loans underlying the current foreclosure action that was not credited to his account.

In his motion of January 12, 2006, Parkhurst complains that he did not receive the April 20, 2005, Complaint in this case until the first or second week of September, arguing that he was prejudiced by this delay by having to "rush" around. The court record belies this contention, as it indicates that Ronald and Patrice Parkhurst actually were served with the Complaint on

July 8, 2005, about 2½ months after the Complaint was filed and over 3 months before the Parkhursts' opposition to the September 29, 2005, MSJ was due.  <u>See</u> Returns of Service (filed July 14, 2005) (containing the signatures of Ronald and Patrice Parkhurst that indicate that they were served with the Complaint).

Because Parkhurst has demonstrated no reason justifying relief from the judgment under Rule 60(b), all of the various "motions" he has filed are denied.

VI.     <u>CONCLUSION.</u>

For the foregoing reasons, the "motions" filed on January 10, 12, and 18, 2006, are denied.  The court also declines to stay the Order pending an appeal of it and the judgment filed in this case.

The Parkhursts are cautioned that they may not keep filing reconsideration motion after reconsideration motion. Further repetitive reconsideration motions may result in sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2006

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>United States of America v. Parkhurst, et al.</u>, Civil No. 05-00276 SOM/KSC; ORDER DENYING RULE 59(e) AND 60(b) MOTIONS FILED BY RONALD PARKHURST ON JANUARY 10, 12, AND 18, 2006.